UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
                    Plaintiff

        v.                          NO. _____

$500,000.00 IN UNITED
STATES CURRENCY, SEIZED
FROM BANK OF AMERICA
ACCOUNT NO. 898012027597,
                    Defendant

## ASSENTED-TO COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, with the assent of Serfincorp
Ltd. ("Serfincorp" or "Claimant"), by the undersigned attorneys,
in a civil action of forfeiture pursuant to Rule G of the
Supplemental Rules for Admiralty or Maritime Claims and Asset
Forfeiture Actions and Title 18, United States Code, Sections
981(a)(1)(A) and 984, states as follows:

1.    This Court has subject matter and *in rem* jurisdiction
in this matter pursuant to 28 U.S.C. §§ 1345 and 1355.  Venue is
appropriate in this district pursuant to 28 U.S.C. § 1395. The
Parties in their Settlement Agreement have assented to have a
United States Magistrate Judge conduct all proceedings in this
assented-to civil forfeiture case pursuant to 28 U.S.C. § 636(c),
and the applicable Local Rules and Standing Orders of this Court.

2.    The Defendant Property consists of the agreed amount of
$500,000.00, together with any interest or other return actually
earned on that $500,000.00 portion of certain United States
funds, duly seized from a bank account at the Bank of America in

Miami, Florida, pursuant to a warrant issued in this district and executed at Bank of America on March 25, 2009, that is, $1,321,045.71 (the "Seized Funds") seized From Bank of America account number 898012027597, in the name of Rosemont L Corporation d/b/a Serfincorp Ltd. (the "Subject Account").

3.    The Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 because it constitutes property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1960, property traceable to such property, or fungible property that was found in the same account as the property involved in such transactions that had occurred within one year before the date of seizure.

4.    Without admitting its own involvement in, contemporaneous awareness of, or liability for, any violations of law arising from or relating to the following facts, and for purposes of its Settlement Agreement with the United States and this Assented-To Complaint, which is an integral part of the Settlement, only, Claimant Serfincorp admits that the following facts are true:

A.    Rosemont L Corporation ("Rosemont L") was incorporated in Florida on or about July 9, 2007, and at all pertinent times, was on record with the state of Florida as existing and maintaining an office in Florida.

B.    On or about July 11, 2007, Rosemont L opened the

2

Subject Account at Bank of America in Miami, Florida. On or after August 2, 2007, Rosemont L caused the records of Bank of America to indicate that the Subject Account was held in the name of Rosemont L Corporation d/b/a Serfincorp Ltd.

C.   Rosemont L used the Subject Account in the business of receiving wire transmissions of funds on behalf of persons other than Rosemont L from other accounts and locations inside and outside the United States, and transmitting funds by wire on behalf of persons other than Rosemont L to other accounts and locations inside and outside the United States.

D.   The total amount of the funds involved in the wire transmissions so received and so transmitted through the Subject Account within the year prior to March 25, 2009, was at least $500,000.00.

E.   Although the Claimant maintains that it was led to believe that Rosemont L's money transmitting business was, for at least a portion of this time, duly licensed by the state of Florida and duly registered with the Financial Crimes Enforcement Network of the U.S. Department of the Treasury ("FinCEN"), no such Florida license was ever issued to Rosemont L, and Rosemont L was never registered as a money transmitting business with FinCEN.

F.   On March 25, 2009, the United States executed a seizure warrant issued by a United States Magistrate Judge of this

3

District at a branch of Bank of America in Miami, Florida,
authorizing seizure of all funds on deposit in the Subject
Account.

G.   Pursuant to that seizure warrant, the Bank of America
subsequently paid over to the United States the Seized Funds
in the amount of $1,321,045.71 from the Subject Account.
The Seized Funds were turned over to the United States
Marshals Service ("USMS"), are being held by USMS in its
Seized Asset Deposit Fund, and are subject to the
jurisdiction and orders of this Court.

5.   Serfincorp asserts that it is the beneficial owner of
the funds seized from the Subject Account.  Rosemont L
Corporation, by its president, Diego Arnal, has disclaimed any
interest in the Seized Funds.

6.   By virtue of the facts set forth herein, the Defendant
Property is subject to forfeiture to the United States of America
pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 as property
involved in transactions or attempted transactions in violation
of 18 U.S.C. § 1960, property traceable to such property, or
fungible property that was found in the same account as the
property involved in such transactions that had occurred within
one year before the date of seizure.

7.   The United States and Serfincorp have agreed to waive
any rights that they might otherwise have had to demand or

4

receive discovery from each other under the Federal Rules of Civil Procedure, and jointly request that judgment of forfeiture be entered.

WHEREFORE, the United States of America prays, with the assent of Serfincorp:

1.    That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts commanding him, pursuant to 18 U.S.C. § 983(a)(4) and Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, to retain custody of the Defendant Property and to give notice to any interested persons other than Serfincorp to appear and show cause why the agreed forfeiture should not be decreed;

2.    That judgment of forfeiture be decreed against the Defendant Property;

3.    That thereafter the Defendant Property be disposed of according to law;

4.    For costs and all other relief to which the United States may be entitled; and

5.    That, upon conclusion of this assented-to forfeiture, pursuant to the parties' Settlement Agreement, and particularly subject to Paragraphs 2 and 3 of that Agreement, the Court direct the United States Marshals

Service to return the remainder of the Seized Funds, in the amount of $821,045.71, together with any interest or other return actually earned on that $821,045.71 portion of the Seized Funds, to Serfincorp, through its attorney.

Respectfully submitted,
CARMEN M. ORTIZ
United States Attorney,

By: _____
Neil J. Gallagher
Richard L. Hoffman
Assistant U.S. Attorneys
John Joseph Moakley Courthouse
Suite 9200
1 Courthouse Way Boston, MA 02210
(617) 748-3100

JAMES MEADE
Acting Chief, Asset Forfeiture and
Money Laundering Section

By: _____
Scott Paccagnini
Trial Attorney
Asset Forfeiture and Money Laundering Section
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-1263

Date: June 2, 2010

SERFINCORP LTD., BY ITS UNDERSIGNED COUNSEL, HEREBY ASSENTS
TO THE FOREGOING COMPLAINT FOR FORFEITURE *IN REM*:

> Serfincorp Ltd.
> By its attorney,
>
> _____
> Robert Targ, Esq.
> Diaz Reus & Targ, LLP
> 2600 Bank of America Tower
> 100 SE 2nd Street
> Miami, Florida  33131
>
>
> Date: MAY 12, 2010

7

<u>Verification</u>

I, Brian Dejoy, Special Agent, United States Drug Enforcement Administration, state that I have read the foregoing Assented-To Complaint for Forfeiture *in Rem*, and that the contents thereof are true to the best of my knowledge, information, and belief.

Brian DeJoy
Special Agent
Drug Enforcement Administration

<u>Commonwealth of Massachusetts</u>

Suffolk, ss.                                        Boston,
                                                    Massachusetts

On this 2nd day of June , 2010, before me, Lisa J. Talbot , the undersigned notary public, personally appeared Brian DeJoy, proved to me through satisfactory evidence of identity, which was Federal Identification to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Lisa J. Talbot

Notary Public

My commission expires: May 13, 2016



LISA J. TALBOT
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
May 13, 2016

8